IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02626-MSK-CBS

MARCO CARANI, and
SHELLEY DEMARIE CARANI,

      Plaintiffs,

v.

DARREL MEISNER,
J.R. BOULTON,
SAMUEL STEWART,
KIRK WILSON,
JOHN HIER,
WANDA NELSON,
WILLIAM SAPPINGTON,
LOU VALLARIO, and
SCOTT DAWSON,

      Defendants.

_____

OPINION AND ORDER DENYING MOTION TO AMEND JUDGMENT
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' (including former

Defendant Sims) Motion to Amend Judgment **(# 220)**, the Plaintiffs' response **(# 221)**, and the

Defendants' reply **(# 222)**.

By Order **(# 90)** dated August 26, 2009, the Court dismissed all claims asserted by the

Plaintiffs against Defendant Sims. By Order **(# 166)** dated July 30, 2010, the Court granted

summary judgment to the remaining Defendants on all of the Plaintiffs' claims. The Defendants

thereafter moved for an award of attorney's fees pursuant to C.R.S. § 24-10-110(5)(c). By Order

**(# 212)** dated March 31, 2011, the Court granted the motions for fees, awarding the "Rifle

Defendants" $ 162,406.50 in fees against the Plaintiffs and awarding Ms. Sims $ 35,502.50 in

fees against the Plaintiffs.

All of the Defendants now move to amend **(# 220)** that ruling, asking that the award of fees be made jointly against both the Plaintiffs <u>and</u> the Plaintiffs' counsel. (C.R.S. § 24-10-110(5)(c) permits awards of fees to be made "against the plaintiff or the plaintiff's attorney or both.")  In response, the Plaintiffs (or, more accurately, the Plaintiffs' counsel) does not address the substantive issue of <u>whom</u> the fees should be awarded against, but instead argues that the request is not a proper one for reconsideration.

The Defendants' motion argues that it is made pursuant to Fed. R. Civ. P. 59(e).  Relief under Rule 59(e) is appropriate: (i) to react to an intervening change in the controlling law; (ii) where newly-discovered evidence has become available; or (iii) where modification of the prior ruling is necessary to "correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000).  It is appropriate where the Court has misapprehended the facts, a party's position, or the controlling law, but it is not an appropriate vehicle for parties to revisit issues already advanced or those that could have (and should have) been raised in prior briefing.  *Id.*

Here, the Court notes the Rifle Defendants' Motion for Attorney's Fees **(# 169)** made only a passing reference to the notion that the Court should assess fees jointly against both the Plaintiffs and their counsel.  Beyond quoting C.R.S. § 24-10-110(5)(c) at the beginning of the motion and stating in the Request for Relief that the Court award fees "against Plaintiffs and their counsel," the motion offered no argument whatsoever as to <u>why</u> an award against counsel, jointly or separately, was appropriate.  The Rifle Defendants' reply **(# 188)** similarly failed to offer any meaningful argument regarding the question of whom the fees assessed against.

The Court finds that the question of whether an award of fees should be made against the

Plaintiffs' counsel is a matter that could have, and should have, been addressed in detail in the

Rifle Defendants' prior briefing.  The statute makes clear that fees must be awarded, but leaves

the question of whom the fees are awarded against to the discretion of the Court.  The general

tradition in federal courts has been to award attorney's fees against parties, 42 U.S.C. § 1988

(allowing fees to be awarded "as part of costs," normally payable by the party), and to have such

fee awards run against counsel only upon specific findings by the Court, 28 U.S.C. § 1927

(requiring finding of vexatiousness by counsel).  To the extent that there were circumstances

justifying a deviation from that custom, it was incumbent upon Defendants to explain, in detail,

why the requested fee award should run against counsel as well.  A single, insubstantial

reference in the prayer for relief is not sufficient in that regard.[1]   Because the Court finds that

the Rifle Defendants could have and should have raised a request that any fee award run jointly

against both the Plaintiffs and their counsel in their earlier motion, a request that the Court now

adjudicate that question under Rule 59(e) is inappropriate.

The same reasoning applies with even more force to Ms. Sims' request.  Her motion for

attorney's fees **(# 170)** requested that the Court enter judgment for attorney's fees "against

Plaintiffs," making no mention of a request that the fees be awarded against counsel as well.

Moreover, Ms. Sims argued that the Court could alternatively justify an award of fees under 42

U.S.C. § 1988, which, as noted above, is an award made against the party, not counsel.  Her

motion made no mention of 28 U.S.C. § 1927, which would support an award against counsel.

Under these circumstances, the Court similarly finds that to the extent Ms. Sims seeks to have

the fee award run against the Plaintiffs' counsel under C.R.S. § 24-10-110(5)(c), her failure to

---

[1] Such information could have been provided as is evident from the several-page argument on this point contained in the instant motion.

expressly and meaningfully address such request in her initial motion makes her assertion of that request via a Rule 59(e) motion improper.

The Defendants argue that relief under Rule 59(e) is appropriate insofar as "manifest injustice" will result if the Court does not amend its order.  They contend that "manifest injustice" occurs "if a court has misapprehended the facts, the controlling law, or the parties' arguments."  *Paraclete*, 204 F.3d at 1012.  Assuming, without finding, that this is a correct articulation of the "manifest injustice" standard, the Court nevertheless finds that it did not "misapprehend . . . the parties' arguments."  Rather, the Court finds that the parties made no meaningful argument justifying imposition of the fee award against counsel, and that such argument "could have been raised in prior briefing". *Id.*

Accordingly, the Defendants' Motion to Amend Judgment **(# 220)** is **DENIED**.

Dated this 9th day of February, 2012

**BY THE COURT:**

Marcia S. Krieger
United States District Judge